UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DONNELL L. HASSELL,**

    **Plaintiff,**

v.                                            Civil Action No. 2:06cv518

**AMERICAN SIGNATURE, INC., et al.,**

    **Defendants.**

## OPINION AND ORDER

Currently before the court is the <u>pro se</u> plaintiff's "Motion to Determine Jurisdiction," which the court has interpreted as a motion to remand for lack of subject matter jurisdiction. Also before the court is defendant American Signature, Inc.'s Motion for Judgment on the Pleadings. After examination of the briefs and record, this court determines that oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. The court, for the reasons stated fully herein, **GRANTS** the plaintiff's motion and **REMANDS** the case. The defendant's motion is therefore **MOOT**.

I. Factual Background

The plaintiff, Donnell L. Hassell, was employed by defendant American Signature as a furniture salesman in its Virginia Beach, Virginia location beginning in June of 2000. At varying points between 2001 and 2004, the plaintiff received worker's compensation from the defendant as a result of injuries sustained during his employment. In June 2004, the plaintiff began a

1

medical leave of absence relating to a worker's compensation claim. In July 2004, the plaintiff was informed by the defendant's human resources department that the defendant was designating the plaintiff's medical leave as qualifying under the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601.[1] The plaintiff attempted repeatedly to refuse coverage under the FMLA, and has asserted in his complaint that he was ineligible for FMLA leave at the time because he was covered by worker's compensation. The plaintiff claims that in December of 2004, when he was ready to return to work after his medical leave, he received a notice of termination from the defendant, which indicated that he had used up his leave time under the FMLA. The defendant, on the contrary, contends that because the plaintiff had used up his 12 weeks of FMLA leave well prior to December 2004, he was not entitled to reinstatement to his old position.

II. Procedural History

The plaintiff filed a pro se Motion for Judgment in the Circuit Court for the City of Virginia Beach, Virginia, on August 11, 2006. In it he claims that he was wrongfully terminated, and requests $50,000 in damages against defendants American Signature, Jim Frank, and Jay Schottenstein. To this date only American Signature has been served with process; neither Frank nor Schottenstein have appeared or filed any documents in this case. The defendant removed the case to this court on September 14, 2006, and filed a notice of removal in which it averred that

---

[1]The plaintiff avers that the defendant "offered" him FMLA leave, while the defendant claims that it was simply notifying the plaintiff that it had designated his leave as qualifying under the FMLA, and therefore that his FMLA leave time would run concurrent with his medical leave. See 29 C.F.R. § 825.207(d)(2) ("If the employer designates the leave as FMLA leave in accordance with [29 C.F.R.] § 825.208, the employee's FMLA 12-week leave entitlement may run concurrently with a workers' compensation absence when the injury is one that meets the criteria for a serious health condition.")

2

this court has subject matter jurisdiction over the action because the plaintiff's motion for judgment alleges a violation of the FMLA. Also on September 14, the defendant filed an answer, in which it denied the material allegations of the complaint and stated certain affirmative defenses.

On October 5, 2006, the plaintiff filed a "Motion to Determine Jurisdiction," which this court has construed as a motion to remand the case back to state court. After having been served with a copy of this motion on November 3, 2006, the defendant filed a response to the motion on November 13, as well as a Motion for Judgment on the Pleadings. The plaintiff has filed neither a reply to the defendant's response nor a response to the defendant's motion. The motions are therefore ripe for review.

III. Standard of Review

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). If a federal court determines that it lacks subject matter jurisdiction over a case that has been removed from state court, it must remand that case back to state court. See 28 U.S.C. § 1447(c). Ordinarily, if a case is remanded back to state court, the defendant forever loses his right to a federal forum as well as any possibility of a review of the court's decision to remand. See 28 U.S.C. § 1447(d). However, "the Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals." Alabama Great S. Ry. Co. v. Thompson, 200 U.S. 206, 218 (1906). This court therefore will scrutinize every attempt to deprive a defendant of his right to a federal forum, and

3

will only remand if it is clear that jurisdiction is improper at the federal level.

IV. Analysis

Because the issue of subject matter jurisdiction is essential to a determination of the merits of this case, the plaintiff's motion must be addressed first. Although the plaintiff's motion is less than clear in its aim, it seems that the plaintiff is attempting to question the removal of the case to this court by the defendant. It is clear that the parties may not avail themselves of this court's jurisdiction on the basis of diversity, as the amount in controversy is $50,000, whereas 28 U.S.C. § 1332 requires that the amount in controversy in a diversity case exceed $75,000. See also 28 U.S.C. § 1441 (permitting removal jurisdiction over civil actions over which federal courts would have original jurisdiction). From both the defendant's notice of removal and its response to the plaintiff's motion, it is apparent that the defendant believes that this court may exercise subject matter jurisdiction over this case on the basis of federal question jurisdiction. Specifically, the defendant argues that the plaintiff has pleaded a cause of action under the FMLA.

Although the FMLA does create a private cause of action against employers who wrongfully deny employees FMLA benefits, see 29 U.S.C. § 2617(a), the "well-pleaded complaint" rule requires that, in federal question cases, "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10 (1983) (emphasis in original). A case "arises under" federal law if a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Id. at 27-28. In a

narrow set of circumstances, not present in this case, the doctrine of complete federal preemption might also serve to provide a federal court with subject matter jurisdiction over a cause of action. See, e.g., Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005) (finding that the doctrine applies where "the subject matter of a putative state claim has been totally subsumed by federal law–such that state law cannot even treat on the subject matter").

The plaintiff's motion questions this court's jurisdiction on the basis of a federal question, and the plaintiff has repeatedly claimed that he rejected coverage under the FMLA because he was already receiving worker's compensation. The defendant, meanwhile, steadfastly asserts that "the only potentially viable cause of action arising out of the Complaint arises under the Family and Medical Leave Act." (Brief in Support of Defendant's Motion for Judgment on the Pleadings, at 2). The issue, therefore, is whether the plaintiff's complaint invokes a federal cause of action or indicates that his right to relief is necessarily dependent on the resolution of a substantial question of federal law.

The plaintiff's motion for judgment reveals that he has not invoked a federal cause of action, nor has he indicated that his right to relief necessarily depends on the resolution of a question of federal law. In fact, it is clear from the motion for judgment that the plaintiff did not wish to use any FMLA leave. The FMLA is mentioned in paragraphs 4 and 5 of the plaintiff's motion for judgment, but each time the reference is to either the defendant's "offer" of FMLA leave or the plaintiff's purported rejection of such leave. The only other mention of the FMLA is in paragraph 6, which reads "Defendant, Value City sent a letter dated December 2004 stating Plaintiff was terminated because his time had run out under FMLA." (Plaintiff's Motion for Judgment, ¶ 6). Although the defendant argues that this language invokes a federal cause of

action under the FMLA, it is apparent that the plaintiff is simply making a factual assertion as to the reason proffered by the defendant for his termination. From the rest of the motion for judgment, and from the "Motion to Determine Jurisdiction," the fact that the plaintiff is not making a claim under the FMLA is clear. The plaintiff has clearly demonstrated his belief that he was not eligible for FMLA leave and therefore was not given FMLA leave. To read his complaint as requesting relief for a violation of FMLA, as the defendant would have the court do, is incongruous. That the plaintiff, after repeatedly asserting that the FMLA did not apply to his medical leave, would then allege that the defendant violated the FMLA is an assertion with which this court cannot agree.

Contrasting the facts of this case with those in a recent decision from another district court in the Fourth Circuit is instructive. In Lewis v. Charter Communications VI, LLC, 2005 WL 2094752 (S.D. W.Va. 2005) (unpublished), the court found that a plaintiff who specifically requested relief in the form of "reimbursement for medical benefits and reinstate[d] benefits of the Family and Medical Leave Act" was asserting a federal cause of action, even where he denied having the subjective intent to have done so. Id. at *4. In the instant case, the plaintiff is merely requesting money damages for wrongful termination, and has not asserted any right to relief under the FMLA or any other federal statute.

At its core, then, the plaintiff's claim is simply one for wrongful termination. Whether the claim is based in common law or on a reading of the Virginia Worker's Compensation Act, VA. CODE ANN. § 65.2-100 et seq., it is clear that the plaintiff is asserting a claim that is neither based on a federal cause of action nor implicates a significant question of federal law. As such, this court lacks subject matter jurisdiction over the claim, and therefore the case must be

remanded to the Circuit Court for the City of Virginia Beach, Virginia.

Although ordinarily a decision to remand a case for lack of jurisdiction is made with the realization that it will likely result in the defendant forever losing its right to a federal forum, in this case it is clear that under no set of circumstances could this court have subject matter jurisdiction to adjudicate the plaintiff's claim against American Signature on its merits. Moreover, the Fourth Circuit has held that courts should "'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).

V. Conclusion

The record makes it clear that this court is without subject matter jurisdiction over the plaintiff's cause of action. Therefore this case must be remanded. Accordingly the court **GRANTS** the plaintiff's motion and **ORDERS** this case remanded to the Circuit Court for the City of Virginia Beach, Virginia. The defendant's motion for judgment on the pleadings is therefore **MOOT**.

The Clerk is **REQUESTED** to send a copy of this Order to the plaintiff and to counsel of record for the defendant American Signature.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

December 1, 2006
Norfolk, Virginia